IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FELIX BLAS, SHELLY BLAS, by ) her parent and guardian FELIX BLAS ) as next friend, and VITALINA ) BAUTISTA, ) )     Plaintiffs, ) ) vs. ) ) METRO GANG TASK FORCE, ) DAVID GARMAN, JANE DOE ) and RICHARD ROE, police officers ) assigned to the Metro Gang Task Force, ) whose identity and number are presently ) unknown to Plaintiffs, in their ) individual capacities, and CHRIS ) OMODT, Commander of the Metro ) Gang Task Force, in his official capacity,) )     Defendants. ) | Civil No. _____ **COMPLAINT** **and DEMAND FOR JURY TRIAL** |

INTRODUCTION

1. Plaintiffs bring this action for money damages and declaratory and injunctive relief under 42 U.S.C. §1983, 42 USC §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, against the Metro Gang Task Force and Minneapolis Police officer David Garman and other unknown police officers who are members of the Metro Gang Task Force, in their individual capacities. Plaintiffs also bring related causes of action under Minnesota Law, Minn. Stat. §626.04, Minn. Stat. §626.21, and Minn. Stat. §626.22.

2. These claims arise as a result of Defendants' execution of a search warrant at the residence of Plaintiffs on February 6, 2009, where Defendants applied for and executed a search warrant without probable cause, used excessive force against the Plaintiffs, exceeded the lawful scope of the search, intentionally damaged Plaintiffs' personal property, seized property without leaving a proper inventory, and illegally detained and/or seized the Plaintiffs, all in violation of their rights.

<u>JURISDICTION and VENUE</u>

3. Jurisdiction is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367, 28 U.S.C. §2201, 28 U.S.C. §2202, and the aforementioned statutory and constitutional provisions.

4. Venue is appropriate in this court pursuant to 28 USC §1391(b) in that, on information and belief, the Defendants reside in the District of Minnesota, and in that the events giving rise the claim occurred within the District of Minnesota.

<u>PARTIES</u>

5. Plaintiff Felix Blas is a resident of Minneapolis, Minnesota, and the owner of the private residence located at 4130 16th Avenue South, Minneapolis, MN.

6. Plaintiff Shelly Blas is a resident of Minneapolis, Minnesota, and the minor daughter of Felix Blas.

7. Plaintiff Vitalina Bautista is a resident of Minneapolis.

8. Defendant Metro Gang Task Force is a multi-jurisdictional, law enforcement task force operating under the supervision of and with funding from the Minnesota Department of Public Safety.

9. Defendant David Garman is a police officer with the City of Minneapolis, a member of the Metro Gang Strike Task Force, and the individual who applied for the search warrant at issue. He is sued in his individual capacity.

10. Defendants John Doe and Richard Roe, the identity and number of whom is presently unknown to Plaintiffs and are believed to number up to twenty officers, are police officers from unknown jurisdictions who are members of the Metro Gang Strike Task Force, and whom participated in obtaining the search warrant at issue, planning the execution of the warrant, and executing the warrant on February 6, 2009. They are sued in their individual capacity.

11. Defendant Chris Omodt is a deputy with the Hennepin County Sheriff's Office and is the Commander of the Metro Gang Strike Force. He has final decision-making authority over the affairs and operations of the Strike Force. He is sued in his official capacity.

12. At all times described in this Complaint, Defendants acted under the color of law.

<u>FACTS</u>

13. On February 6, 2009, around 2;00 p.m., Shelly Blas and her aunt, Vitalina Bautista, were in their home at 4130 16th Avenue South, Minneapolis, MN, when up to twenty police officers started breaking windows and entered through the front door without knocking or announcing their presence.

14. Shelly Blas opened the door to her room, and saw a police officer with a gun pointed, shouting at her to get on the floor with her hands on her head. She complied. She was crying and was told to "shut up" by the officer.

15. Shelly Blas was then ordered to get up and she was moved to the living room, where she was again directed to the ground with her hands on her head and was handcuffed in plastic cuffs.

16. Vitalina Bautista was lying in the kitchen also handcuffed in plastic cuffs on her stomach.

17. Both Shelly Blas and Vitalina Bautista were frightened, upset and crying. There were repeatedly told by various Defendants in English and in Spanish to "shut up." A police officer asked Shelly Blas if she was a gang member, to which she replied, "No."

18. At approximately 2:45 p.m., Felix Blas returned from work to his home at 4130 16th Avenue South. He could observe police officers in front of and inside his house. As he stopped his car, he was approached by two police officers, one with his gun drawn. In response to inquiries from the officers, Mr. Blas confirmed that he lived at the residence.

19. Mr. Blas was then ordered to exit his car with his hands raised and was taken inside the house where he has handcuffed and placed on the ground. He observed his daughter, Shelly Blas, and Vitalina Bautista, on the ground on their stomachs with their hands behind their backs in plastic ties.

20. During the search, officers repeatedly used expletives and questioned Mr. Blas, Shelly Blas, and Vitalina Bautista, regarding their citizenship and immigration status.

21. During the search, Defendants refused to show Mr. Blas a copy of any search warrant or other document authorizing their entry and search of his residence.

22. Defendants seated Shelly Blas in a chair and took a mug shot style photograph of her, holding up a lined piece of paper below her face with her name printed on it.

23. On information and belief, Defendants took the photograph of Shelly Blas to enter into a database they maintain of alleged gang members. The database maintained by Defendants does not comply with the requirements of Minnesota law for identifying alleged gang members and is based instead, at least in part, upon racial and ethnic profiling.

24. Defendants photographed the other Plaintiffs and took other photographs of Plaintiffs' personal property, including a photograph of Felix Blas' framed naturalization certificate.

25. In the course of conducting the search, Defendants unreasonably damaged the property of Plaintiffs, including breaking windows, mirrors, a television, furniture, a satellite television receiver, an electronic entertainment center, and damaging walls and ceilings. Defendants unreasonably scattered various items of personal property and ransacked the home.

26. Defendants also seized property from the Plaintiffs without properly listing it on the inventory and return left at the residence and subsequently filed with the Hennepin County District Court, including a Macbook computer and digital camera belonging to Shelly Blas.

27. Defendants' application for, and execution of, the search warrant was unlawful, in that a reasonably well-trained officer should have known that the allegations of the warrant affidavit failed to establish probable cause for the search.

28. The scope of the search carried out by Defendants was unreasonable under the circumstances in that upon entry to the residence, it was apparent that the named subject of the warrant resided in a separate room in the basement and that the areas of the residence occupied by the Plaintiffs were not associated with any alleged unlawful activity.

29. Defendants unlawfully seized property during the course of the search, including photos, computers, cameras and cell phones, which were clearly not possessed or used by the target of the search and were not reasonably likely to constitute contraband, evidence of a crime, or be used to facilitate a crime.

30. Upon information and belief, Defendants did not seize any contraband as a result of the search and seizure.

31. Defendants unlawfully detained and/or seized persons during the execution of the search warrant, including Plaintiffs, for unreasonable periods of time and with excessive force.

32. The actions of the individual Defendants represent an established practice and custom of the Metro Gang Task Force, which was known to and condoned by supervisory officers.

33. Pursuant to this practice and custom of the Metro Gang Task Force, members of the Metro Gang Task Force seized property that they knew was not subject to

seizure and then either converted the property to personal use or for use in their official duties when not authorized by law.

34. As a result of Defendants' actions, Plaintiffs have suffered and will continue to suffer losses, including mental anguish, anxiety, and emotional distress, some or all of which injuries may be permanent in nature, expenses for treatment, loss of enjoyment of life, loss of earning capacity, damage to personal and professional reputation, and other financial losses.

35. The actions of Defendants were intentional in that they were taken with an intent to injure the Plaintiff or in reckless disregard of their rights.

36. Subsequent to the search of their home on February 6, 2009, Plaintiffs sought to file with the Department of Civil Rights, City of Minneapolis, a complaint of discrimination. The Complaint was dismissed on March 5, 2009, as the Department of Civil Rights claims to lack jurisdiction of a state entity such as the Metro Gang Task Force.

37. Plaintiffs also sought to contact the Metro Gang Task Force to request the return of their property and compensation for damaged property. Despite repeated phone calls to the New Brighton offices of the Metro Gang Task Force, Plaintiffs were unable to contact any person with authority to speak on behalf of the Metro Gang Task Force.

38. On June 15, 2009, Plaintiffs made written demand of Defendant Garman and the Metro Gang Task Force for the return of their property, pursuant to Minn. Stat. §626.04 and §626.21. No response to this written demand has been received.

## FIRST CAUSE OF ACTION – 4<u>th</u> AMENDMENT VIOLATIONS

39. The actions of Defendants constitute a violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, to be free from unreasonable searches of their private residence and unreasonable seizures of their persons and personal property.

## SECOND CAUSE OF ACTION – EQUAL PROTECTION

40. The actions of Defendants have deprived of the Plaintiffs of their rights to equal protection under the law, in that Defendants treated Plaintiffs differently than similarly situated citizens for reasons unrelated to legitimate governmental objectives, with an intent to injure Plaintiffs, and in a manner which was arbitrary and irrational.

41. Defendants unlawful actions towards Plaintiffs were motivated, at least in part, by Plaintiffs' perceived ethnicity, race, national origin and immigration status.

## THIRD CAUSE OF ACTION – STATE LAW CLAIMS

42. The actions of Defendants have resulted in the unlawful seizure of Plaintiffs property and Plaintiffs seek the return of such property pursuant to Chapter 626 of the Minnesota Statutes.

43. Plaintiffs seek damages for damage to their personal property, for conversion of their personal property by Defendants, and for unlawful imprisonment.

<u>RELIEF</u>

WHEREFORE, Plaintiffs respectfully request this Court grant the following relief:

a.    Order the Defendants to return to Plaintiffs all property seized from Plaintiffs;

b.    Order the Defendants to destroy any photographs or other personal identifying information of the Plaintiffs obtained as a result of above actions and to purge any databases maintained by Defendants of all such information;

c.    Order the Defendants to pay compensatory and punitive damages, the costs of this action, and reasonable attorney fees;

d.    Find that the acts and practices of these Defendants are unconstitutional;

e.    Such other and further relief as this Court deems just and proper.


Date:        06/22/2009

     S/BRUCE D. NESTOR
     Bruce D. Nestor, 0318024 – MN
     DE LEÓN & NESTOR, LLC
     3547 Cedar Avenue South
     Minneapolis, MN  55407
     (612) 659-9019
     (612) 436-3664 – Facsimile
     nestor@denestlaw.com